**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yankton Sioux Tribe, ) | No. CV 07-1119-PHX-SMM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Mary T. Wynne, Wynne Law Firm, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are Defendant Mary T. Wynne's ("Defendant") Motion to Dismiss for improper venue (Dkt. 6), and Plaintiff's Yankton Sioux Tribe's ("Plaintiff") Response (Dkt. 9); Plaintiff's Motion to Remand to State Court (Dkt. 7); Defendant's Motion to Dismiss for Lack of Standing (Dkt. 14, 16), Plaintiff's Response (Dkt. 19), and Defendant's Reply (Dkt. 22); and Defendant's Motion to Stay (Dkt. 21), Plaintiff's Response (Dkt.23), and Plaintiff's Reply (Dkt. 24). For reasons discussed below, the Court grants Plaintiff's Motion to Remand and dismisses the remaining motions as moot.

## BACKGROUND

Plaintiff is an Indian tribe based in South Dakota. (Compl. at ¶ 6.) Defendant is an attorney who resides in Arizona but is not licensed to practice law in Arizona. (Compl. at ¶ 7.) Defendant performed legal work for Plaintiff in various cases from 1999 to 2007. (Compl. at ¶¶ 8-9.) Plaintiff alleges that after it terminated Defendant's employment, Defendant refused to release certain files relating to ongoing litigation, and asserted a "lien" on the files as a result of a fee dispute. (Compl. at ¶¶ 14, 39.)

In May 2007, Plaintiff filed claims for conversion and breach of fiduciary duty in Superior Court of the State of Arizona, Maricopa County. Plaintiff's prayer for relief requests injunctive relief directing Defendant to turn over the legal files, compensatory and punitive damages, and attorney's fees and costs. On June 6, 2007, Defendant removed the action to this Court, "pursuant to 28 U.S.C. § 1441 *et seq*." (Dkt. 2.) On June 14, 2007, Plaintiff filed a Motion to Remand to Superior Court. (Dkt. 7.) Defendant did not respond to Plaintiff's Motion to Remand.

**STANDARD OF REVIEW**

Defendants may remove any civil action brought in a state court of which the district courts have original jurisdiction to the district court for the district embracing the place where the action is pending. 28 U.S.C. § 1441(a). A motion to remand the case for any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). An order remanding a case to the State court is not reviewable on appeal or otherwise, unless the case was removed pursuant to 28 U.S.C. § 1443. 28 U.S.C. § 1447(d).

**DISCUSSION**

Plaintiff raises several points in support of its motion to remand. Plaintiff first asserts that Defendant is a citizen of Arizona, the state where the action was brought, and that removal was therefore improper. Second, Plaintiff alleges that the Court lacks subject matter jurisdiction over the case because Plaintiff only seeks equitable relief and thus the amount in controversy minimum requirement is not met. Third, Plaintiff asserts that it is not subject to diversity jurisdiction because, as an unincorporated Indian tribe, it is not a citizen of any state.

District courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, and civil actions between parties of diverse citizenship where the amount in question exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Actions based on diversity of citizenship shall be removed only if no defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). An order remanding the case may require payment

of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).

Plaintiff's complaint alleges that Defendant resides in Chandler, Arizona. (Compl. ¶ 3.) Defendant does not contradict this, as the Notice of Removal states that she is an individual "residing part time in the State of Arizona" (Dkt. 1), and she indicates "Citizen of This State" as her citizenship in the civil cover sheet. (Dkt. 2.) Both the Notice of Removal and the civil cover sheet assert diversity of citizenship as the basis for federal over the case, 28 U.S.C. § 1332(a)(4). Therefore the case falls squarely within 28 U.S.C. § 1441(b), and cannot be removed because Defendant is a citizen "of the state in which the action is brought." As Plaintiff filed its motion to remand within 30 days after the Notice of Removal was filed, this case should be remanded pursuant to 28 U.S.C. §1447(c).

Having determined that this case was improperly removed according to 28 U.S.C. § 1441(b), the Court finds it unnecessary to address Defendant's additional arguments.

**ATTORNEY FEES**

Under 28 U.S.C. § 1447(c), allows for recovery of costs and attorney fees incurred as a result of the removal. The Court finds such an award proper in this case, as removal was clearly improper under the statute which formed Defendant's basis for removal.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Remand (Dkt. 7), along with the costs and fees incurred as a result of the removal;

**IT IS FURTHER ORDERED** dismissing as moot Defendant's Motion to Dismiss for Improper Venue (Dkt. 6), Defendants Motion to Dismiss for Lack of Standing (Dkts. 14, 16), and Defendant's Motion to Stay (Dkt. 21).

//
//
//

1  **IT IS FURTHER ORDERED** directing the Clerk of the Court to mail a certified
2  copy of this order to the clerk of the Superior Court of the State of Arizona, Maricopa
3  County, per 28 U.S.C. § 1447(c).
4  DATED this 9th day of October, 2007.

*signature*

Stephen M. McNamee
United States District Judge